UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA SANTIAGO, individually and on behalf of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>TESLA, INC., a Delaware corporation<br><br>*Defendant*. | Civil Action No. 1:23-cv-2891 |

### **DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

Defendant Tesla, Inc. ("Tesla") hereby files this Notice of Removal of this action from the Circuit Court of Cook County, Illinois, County Department – Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this action may be properly removed to this Court.[1]

### **PROCEDURAL HISTORY**

1. Tesla has been sued in a civil action entitled *Joshua Santiago v. Tesla, Inc.*, Case No. 2023CH025231, in the Circuit Court of Cook County, Illinois, County Department – Chancery Division (the "State Court Action").

2. Plaintiff Joshua Santiago's ("Plaintiff") Complaint was filed on March 14, 2023. Tesla was served with notice of process on April 7, 2023.

---

[1] Tesla reserves all rights to assert any and all defenses to the Complaint and to move to compel arbitration, if applicable. Tesla further reserves the right to amend or supplement this Notice of Removal.

3. In the State Court Action, Plaintiff alleges that vehicles manufactured by Tesla suffer from a purported defect in their forward collision monitoring system that causes the system to falsely alert ("Class Vehicles"). Compl. ¶¶ 1, 10–11, 13. Plaintiff's Complaint includes claims for breach of the implied warranty of merchantability, violations of the Magnuson-Moss Warranty Act, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act. *Id.* ¶¶ 39–80.

4. Plaintiff seeks to represent a class and several subclasses: 1) a "Nationwide Class" consisting of "[a]ll individuals in the United States who, within the applicable limitations period, purchased a Class Vehicle in the United States or its territories;" 2) a "Nationwide Tesla Insurance Subclass" consisting of "[a]ll individuals who, within the applicable limitations period, purchased a Class Vehicle in the United States or its territories and enrolled in the Tesla Insurance program;" 3) an "Illinois Subclass" consisting of "[a]ll individuals who, within the applicable limitations period, purchased a Class Vehicle in the state of Illinois;" and 4) an "Illinois Tesla Insurance Subclass" consisting of "[a]ll individuals who, within the applicable limitations period, purchased a Class Vehicle in the state of Illinois and enrolled in the Tesla Insurance Program." *Id.* ¶ 30.[2] Plaintiff defines "Class Vehicles" as "Tesla vehicles." *Id.* ¶ 1.

5. Plaintiff further alleges that he and the members of the putative class and subclasses are entitled to several remedies against Tesla, including: 1) actual or compensatory damages; 2) punitive damages; 3) attorneys' fees and costs; 4) an injunction preventing Tesla from continuing to sell vehicles containing the alleged defect without disclosing the alleged defect's existence; and

---

[2] Tesla denies that Plaintiff's claims have any merit and further denies that any proposed class could be certified in this matter for numerous reasons, including because many of the proposed class members' claims are subject to arbitration.

5) an order certifying the class and subclasses, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel. *Id.* p. 18, 21–22, 24.

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings filed in the State Court Action are attached hereto as **Exhibit A**.

## VENUE AND JURISDICTION

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1), 1391, 1441(a), and 1446(a), because the Circuit Court of Cook County, Illinois, County Department – Chancery Division, where the Complaint was filed, is a state court within the Northern District of Illinois, Eastern Division.

8. As set forth more fully below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

9. All other requirements for removal have been satisfied.

## GROUNDS FOR REMOVAL

**I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).**

10. The Court has original jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

11. As set forth below, this is a putative class action in which: 1) Plaintiff alleges there are more than 100 members in the alleged class; 2) at least one member of the proposed class is a citizen of a different state than Tesla; and 3) the claims of the putative class members are alleged to exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

A. **Plaintiff's Proposed Class Consists of More Than 100 Members.**

12. In the Complaint, Plaintiff purports to seek damages on behalf of himself and an alleged class and three alleged subclasses consisting of 1) consumers who purchased Tesla vehicles in the United States; 2) consumers who purchased Tesla vehicles and enrolled in the Tesla Insurance Program in the United States; 3) consumers who purchased Tesla vehicles in Illinois; and 4) consumers who purchased Tesla vehicles and enrolled in the Tesla Insurance Program in Illinois. Compl. ¶¶ 1, 30.

13. In the Complaint, Plaintiff alleges that "[t]here are thousands of members of the Class and Subclasses." *Id.* ¶ 32.

14. Accordingly, based on the allegations in the Complaint, the aggregate number of members of the alleged class is greater than 100 and meets the requirements of 28 U.S.C. § 1332(d)(5)(B). *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) (holding that a removing defendant "may rely on the estimate of the class number set forth in the complaint" to satisfy CAFA's jurisdictional requirements); *Irish v. BNSF Ry. Co.*, No. 08-CV-469-SLC, 2009 WL 276519, at *13 (W.D. Wis. Feb. 4, 2009) (in determining number of members of class, the "relevant question is whether 100 or more people fall within the definition of the class proposed by the plaintiffs in their complaint").

B. **Minimal Diversity Exists**

15. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . .").

4

16. Tesla is incorporated in Delaware and maintains its principal place of business in Texas.[3] *See* Kim Decl., attached hereto as **Exhibit B**, at ¶ 5. Tesla is therefore a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

17. Plaintiff is a citizen of Illinois. *See* Compl. ¶ 5; *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th. Cir. 2002) (citizenship of an individual is his domicile).

18. Because at least one member of the proposed class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

C. **The Amount in Controversy Requirement is Satisfied.**

19. Pursuant to CAFA, the claims of the individual members in a class are aggregated to determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

20. And where, as here, the plaintiff does not plead a specific amount of damages, the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," consistent with the pleading standard under Rule 8(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); Fed. R. Civ. P. 8(a). A removing defendant's "plausible and good faith estimate of the amount in controversy establishes jurisdiction unless it is a legal certainty that the plaintiffs' claim is for less than the requisite amount." *Webb v. Fin. Indus. Reg. Auth., Inc.*, 889 F.3d 853, 859 (7th Cir. 2018).

21. Here, Plaintiff claims entitlement to actual and compensatory damages based on the alleged defect. Compl. ¶¶ 55, 67, 80. Plaintiff claims that had he known about the alleged defect, he would not have purchased the vehicle or would have paid significantly less, that the

---

[3] Plaintiff acknowledges that Tesla's principal place of business is located in Texas but incorrectly states that Tesla is a "Texas corporation." Compl. ¶ 6.

5

value of his vehicle has been "substantially impaired," and he seeks damages including but not limited to for "diminished value." *Id.* ¶¶ 25, 55, 67.

22. The average purchase price for a 2020 Model 3 Standard Range Tesla delivered in Illinois in 2020, the type of vehicle Plaintiff alleges he purchased was $41,352. Kim Decl. ¶ 3.

23. The average used price of a 2020 Model 3 Standard Range in 2021 in Illinois was approximately $45,756. Kim Decl. ¶ 3.

24. Plaintiff alleges that his "claims are typical of the claims of the other members of the Class," that "Plaintiff and the other members of the Class and Subclasses have all suffered similar harms and damages as a result of [the defect]," and that "[t]he proper measure and calculation of damages" is a question "common to the claims of Plaintiff and the other members of the Class and Subclasses." *Id.* ¶¶ 34, 35.

25. Plaintiff further asserts that the proposed class and subclasses include "thousands of members." *Id.* ¶ 35. And indeed, Tesla has sold approximately 1,784,573 new Tesla vehicles since October 2014 with the installed hardware to support a forward collision warning system.[4] . Kim Decl. ¶ 4.

26. Given the average $45,657 purchase price of Plaintiff's vehicle when purchased used in Illinois in 2021, Plaintiff's assertion that his claims and damages are typical of the class, and Plaintiff's assertion that the class includes at least one thousand members, the total value of the class members' vehicles far exceeds $45,657,000.00 ($45,657 average purchase price multiplied by 1000). Indeed, if that same class size is multiplied by the average price of a *new* Tesla Model 3 Standard Range in 2020 in Illinois, the total value of the class members' vehicles

---

[4] Tesla denies that all of these vehicles are the same or could properly be part of any proposed class or certified as a class, but they would be encompassed in Plaintiff's extremely broad definition of Class Vehicles in his Complaint.

far exceeds $41,352,000.00 ($41,352 average purchase price multiplied by 1000). Given Plaintiff's claim that he would not have purchased his vehicle at all and that the purported defect has substantially reduced the value of the class members' vehicles, the alleged damages would clearly exceed CAFA's jurisdictional threshold.

27. Moreover, Plaintiff's request for injunctive relief prohibiting Tesla from selling vehicles, attorneys' fees, and punitive damages, *see* Compl. p. 18, 21, 24, should also be considered in determining the amount in controversy. *See Rubel v. Pfizer Inc.,* 361 F.3d 1016, 1017 (7th Cir. 2004) (describing the rule that "the cost to the defendant of complying with an injunction counts toward the jurisdictional minimum"); *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011) (noting that "attorneys' fees incurred up to the time of removal could be included in the amount in controversy"); *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (counting a "possible" "punitive award exceeding $2.1 million" toward CAFA's jurisdictional minimum).

28. Accordingly, while Tesla believes that class certification is not appropriate and that Tesla will prevail on the merits of Plaintiff's claims, Tesla has a reasonable and good-faith belief, based on Plaintiff's allegations, that the amount in controversy more than satisfies the $5,000,000 amount in controversy requirement of 28 U.S.C. § 1332(d)(2).

## II. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

29. Tesla was served with notice of process on April 7, 2023 and filed this Notice of Removal on May 8, 2023. The Notice of Removal is therefore timely filed. *See* 28 U.S.C. § 1446(b)(1) (establishing a deadline for removal of thirty days after service); Fed. R. Civ. P. 6(a)(1)(C) (providing that if a deadline falls on a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

30. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of Illinois, written notice of such filing will be served by the undersigned on Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department – Chancery Division.

### III.  CONCLUSION

31. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. § 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, Defendant Tesla, Inc. respectfully requests that this action be removed from the Circuit Court of Cook County, Illinois, County Department – Chancery Division to the Northern District of Illinois, Eastern Division.


Respectfully submitted this 8th day of May, 2023.

>*/s/ Livia M. Kiser*
>Livia M. Kiser
>KING & SPALDING LLP
>110 N. Wacker Dr., Ste. 3800
>Chicago, IL 60606
>T: (312) 995-6333
>lkiser@kslaw.com
>*Attorney for Tesla, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to Federal Rule of Civil Procedure 5(b), on May 8, 2023, I served a copy of the foregoing to Plaintiff's counsel via email and U.S. Mail at the following addresses:

Eugene Y. Turin
Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W Wacker Dr., 9th Fl.
Chicago, Illinois 60601
eturin@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com

By: */s/ Livia M. Kiser*
Livia M. Kiser