UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA SANTIAGO and JAMES ARNOLD, individually and on behalf of similarly situated individuals, | Civil Action No. 1:23-cv-02891 |
| *Plaintiffs*, | Hon. Edmond E. Chang |
| v. | |
| TESLA, INC., a Delaware corporation | |
| *Defendant*. | |

## DEFENDANT TESLA, INC.'S MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COMES Defendant Tesla, Inc. ("Tesla"), through its undersigned counsel, and in accordance with Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), and 12(b)(6), hereby moves to dismiss the First Amended Complaint filed by Plaintiffs Joshua Santiago and James Arnold, Dkt. 14. As grounds for its motion, Tesla submits the accompanying brief. Pursuant to this Court's case procedures, the parties met and conferred regarding this motion on August 13, 2023. Tesla asked whether Plaintiffs object to this motion, and Plaintiffs do object to the relief requested herein.

Dated: August 14th, 2023

*/s/ Susan M. Clare*
Livia M. Kiser
KING & SPALDING LLP
110 N. Wacker Dr., Ste. 3800
Chicago, IL 60606
T: (312) 995-6333
lkiser@kslaw.com

Susan M. Clare
KING & SPALDING LLP

1180 Peachtree St. NE, Ste. 1600
Atlanta, GA 30309
T: (404) 572-4600
sclare@kslaw.com

*Attorneys for Tesla, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSHUA SANTIAGO and JAMES
ARNOLD, individually and on behalf of
similarly situated individuals,

     *Plaintiffs*,

v.

TESLA, INC., a Delaware corporation

     *Defendant*.

Civil Action No. 1:23-cv-02891

Hon. Edmond E. Chang

## **DEFENDANT TESLA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND...............................................................1

LEGAL STANDARD.............................................................................................................2

ARGUMENT ..........................................................................................................................4

I.   All of Plaintiff Arnold's Claims Must Be Dismissed For Lack of Personal Jurisdiction..........4

II.   Plaintiffs Lack Standing to Pursue Nationwide Claims.............................................................5

III. Plaintiffs' Implied Warranty Claims Suffer from Several Defects............................................7

    A.  Santiago Cannot Satisfy Illinois Privity Requirements. ....................................................7

    B.  Arnold's Implied Warranty Claim is Time-Barred............................................................9

    C.  Plaintiffs Do Not Allege That Their Vehicles Were Unmerchantable at the Time of Sale. ...................................................................................................................................9

    D.  Plaintiffs Fails to Allege That They Provided Tesla with Pre-Suit Notice.......................10

IV. Plaintiffs' MMWA Claims Must Be Dismissed With Their Implied Warranty Claims..........12

V.   Santiago Fails to State a Claim for Violations of the ICFA. ...................................................12

    A.  Santiago's "Misrepresentation" Allegations Do Not Satisfy Rule 9(b) or Plausibly Establish Causation............................................................................................................13

    B.  Santiago's "Omission" Allegations Fail for Lack of Knowledge and Causation.............14

    C.  Santiago's "Unfairness" Theory Replicates His "Deceptive Conduct" Theory. ..............16

VI. Arnold's OCSPA Claim is Untimely and Fails for Multiple Reasons....................................16

VII.     Plaintiffs Are Not Entitled to Injunctive Relief. ...........................................................18

CONCLUSION......................................................................................................................18

**Page(s)**

**Cases**

*Alexander v. Ne. Ill. Univ.*,
    2007 WL 9809205 (N.D. Ill. Aug. 3, 2007) .........................................................................18

*Ali v. Volkswagen Grp. of Am.*,
    559 F. Supp. 3d 723 (N.D. Ill. 2021) ....................................................................................9

*Allen v. Andersen Windows, Inc.*,
    913 F. Supp.2d 490 (S.D. Ohio 2012) ...................................................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................................2

*Avery v. State Farm Mut. Auto Ins. Co.*,
    835 N.E.2d 801 (Ill. 2005) ...................................................................................................14

*Bakopoulos v. Mars Petcare US, Inc.*,
    2021 WL 2915215 (N.D. Ill. July 12, 2021).........................................................................5

*Baldwin v. Star Sci., Inc.*,
    78 F. Supp. 3d 724 (N.D. Ill. 2015) .....................................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................................2

*BeRousse v. Janssen Rsch. & Dev., LLC*,
    2017 WL 4255075 (S.D. Ill. Sept. 26, 2017).........................................................................5

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty.*,
    582 U.S. 255 (2017)........................................................................................................4, 5, 7

*Brown v. Auto-Owners Ins. Co.*,
    2022 WL 2442548 (N.D. Ill. Jun. 1, 2022)....................................................................3, 6, 7

*Caterpillar, Inc. v. Usinor Industeel*,
    393 F. Supp. 2d 659 (N.D. Ill. 2005) .....................................................................................8

*Chiapetta v. Kellogg Sales Co.*,
    2022 WL 602505 (N.D. Ill. Mar. 1, 2022)....................................................................10, 18

*Connick v. Suzuki Motor Co.*,
    675 N.E.2d 584 (Ill. 1996) ...................................................................................................11

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014)..................................................................................3, 4

*In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.,*
    2013 WL 4506000 (N.D. Ill. Aug. 23, 2013) ............................................6

*Demaria v. Nissan N. Am., Inc.*
    2016 WL 374145 (N.D. Ill. Feb. 1, 2016) ................................................5

*DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,*
    811 F.2d 326 (7th Cir. 1987) ....................................................................7

*Fleury v. Gen. Motors LLC,*
    --- F. Supp.3d---, 2023 WL 1450284 (N.D. Ill. 2023).........................12, 13, 14, 15

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,*
    141 S. Ct. 1017 (2021)..............................................................................4

*Greene v. Mizuho Bank, Ltd,*
    289 F. Supp. 3d 870 (N.D. Ill. 2017) ......................................................5

*Gregorio v. Ford Motor Co.,*
    522 F. Supp. 3d 264 (E.D. Mich. 2021)..................................................15

*Grover v. BMW of N. Am., LLC,*
    581 F. Supp. 3d 930 (N.D. Ohio 2022)................................................9, 12

*Hackett v. BMW of N. Am., LLC,*
    2011 WL 2647991 (N.D. Ill. Jun. 30, 2011) ...........................................8

*Ibarolla v. Nutrex Rsch., Inc.,*
    2013 WL 672508 (N.D. Ill. Feb. 25, 2013) ...........................................14

*IWOI, LLC v. Monaco Coach Corp.,*
    581 F. Supp. 2d 994 (N.D. Ill. 2008) ......................................................8

*Johnston v. Kashi Sales, L.L.C.,*
    626 F. Supp. 3d 997 (S.D. Ill. Sept. 8, 2022)........................................12

*Karlinski v. Costco Wholesale Corp.,*
    616 F. Supp. 3d 753 (N.D. Ill. 2022) ....................................................12

*Kurt v. Platinum Supplemental Ins., Inc.,*
    2021 WL 3109667 (N.D. Ill. July 22, 2021)............................................5

*Lantz v. Am. Honda Motor Co., Inc.,*
    2007 WL 1424614 (N.D. Ill. May 14, 2007) ..........................................8

*Linkepic v. Vyasil, LLC*,
   146 F. Supp. 3d 943 (N.D. Ill. 2015) ................................................................3

*Manley v. Hain Celestial Grp., Inc.*,
   417 F. Supp. 3d 1114 (N.D. Ill. 2019) ..............................................................8

*Mednick v. Precor, Inc.*,
   2016 WL 5930955 (N.D. Ill. Sept. 27, 2016) ..................................................18

*Mooradian v. FCA US, LLC*,
   2017 WL 4869060 (N.D. Ohio Oct. 27, 2017) ................................................10

*Muir v. Nature's Bounty (DE), Inc.*,
   2018 WL 3647115 (N.D. Ill. Aug. 1, 2018) ......................................................5

*Mussat v. IQVIA, Inc.*,
   953 F.3d 441 (7th Cir. 2020) ........................................................................3, 7

*Nathan v. Whirlpool Corp.*,
   492 F. Supp. 3d 747 (S.D. Ohio 2020) ............................................................10

*O'Connor v. Ford Motor Co.*,
   477 F. Supp. 3d 705 (N.D. Ill. 2020) ........................................................12, 13

*Oggi Trattoria & Caffe, Ltd. v. Isuzu Motors Am., Inc.*,
   865 N.E.2d 334 (Ill. Ct. App. 2007) ................................................................9

*Pattie v. Coach, Inc.*,
   29 F. Supp. 3d 1051 (N.D. Ohio 2014) ......................................................17, 18

*Pickens v. Mercedes-Benz USA, LLC*,
   2021 WL 5050289 (N.D. Ill. Nov. 1, 2021) ..................................................8, 14

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,
   631 F.3d 436 (7th Cir. 2011) ......................................................................3, 16

*In re Porsche Cars N. Am., Inc.*,
   880 F. Supp. 2d 801 (S.D. Ohio 2012) ........................................................9, 18

*Priebe v. Autobarn, Ltd.*,
   240 F.3d 584 (7th Cir. 2001) ..........................................................................10

*Quitno v. Gen. Motors, LLC*,
   2020 WL 777273 (N.D. Ill. Feb. 18, 2020) ............................................8, 13, 16

*Radford v. Daimler Chrysler Corp.*,
   168 F. Supp. 2d 751 (N.D. Ohio 2001) ............................................................11

*Rocha v. Rudd*,
   826 F.3d 905 (7th Cir. 2016) ................................................................. 3

*Rodriguez v. Ford Motor Co.*,
   596 F. Supp. 3d 1050 (N.D. Ill. 2022) ..................................... 8, 10, 11

*In re Rust-Oleum Restore Mktg., Sales Practices and Prods. Liab. Litig.*,
   155 F. Supp. 3d 772 (N.D. Ill. 2016) ...................................................... 7

*Scheetz v. Consumer Rsch. Corp.*,
   2008 WL 11350242 (S.D. Ohio 2008) .................................................. 17

*Schiesser v. Ford Motor Co.*,
   2017 WL 1283499 (N.D. Ill. Apr. 6, 2017) ........................................... 16

*Sherwin v. Samsung Elecs. Am., Inc.*,
   2018 WL 11216896 (N.D. Ill. Mar. 2, 2018) ................................... 14, 15

*Siegel v. Shell Oil Co.*,
   256 F.R.D. 580 (N.D. Ill. 2008) .............................................................. 7

*Smith-Brown v. Ulta Beauty, Inc.*,
   2019 WL 932022 (N.D. Ill. Feb. 26, 2019) ............................................. 6

*St. Clair v. Kroger Co.*,
   581 F. Supp. 2d 896 (N.D. Ohio 2008) .................................................. 11

*Szep v. Gen. Motors LLC*,
   491 F. Supp. 3d 280 (N.D. Ohio 2020) ..................................... 6, 9, 16, 17

*Town of Chester, N.Y. v. Laroe Est., Inc.*,
   581 U.S. 433 (2017) ................................................................................. 3

*Voelker v. Porsche Cars N. Am., Inc.*,
   353 F.3d 516 (7th Cir. 2003) .................................................................. 7

*White v. DePuy, Inc.*,
   718 N.E.2d 450 (Ohio Ct. App. 1998) ..................................................... 9

*Wienhoff v. Conagra Brands, Inc.*,
   626 F. Supp. 3d 1015 (S.D. Ill. Sept. 8, 2022) ..................................... 12

*Yeftich v. Navistar, Inc.*,
   722 F.3d 911 (7th Cir. 2013) .................................................................. 3

*Zylstra v. DRV, LLC*,
   8 F.4th 597 (7th Cir. 2021) ................................................................... 12

**Statutes**

15 U.S.C. § 2310(d)(3) ...........................................................................................12

Ohio Rev. Code Ann. § 1302..............................................................................9, 10

Ohio Rev. Code Ann. § 1345....................................................................................16

**INTRODUCTION**

Recognizing that his initial complaint failed to state viable claims based on an alleged defect with Tesla's Autopilot braking system, Plaintiff Joshua Santiago amended his complaint to add a new plaintiff, James Arnold, and new claims for breach of implied warranty under Ohio law and a violation of the Ohio Consumer Sales Practices Act ("OCSPA"). But the First Amended Complaint ("FAC") still suffers from jurisdictional and pleading defects that compel dismissal. To start, Arnold's claims are subject to dismissal for lack of personal jurisdiction. And both Plaintiffs also lack standing to pursue nationwide claims on behalf of putative class members outside Illinois and Ohio.

Plaintiffs' claims fare no better on the merits. The FAC does not plead sufficient facts to support breach of implied warranty claims under state law or the Magnuson Moss Warranty Act ("MMWA") since Plaintiffs fail to plead that their vehicles are unmerchantable or that they provided Tesla with pre-suit notice (Santiago's claim also fails for lack of privity, since he purchased his vehicle from a third party, and Arnold's claim is time-barred). Finally, Santiago still fails to plead an actionable violation of the Illinois Consumer Fraud Act ("ICFA"), while Arnold's claim under the OCSPA is untimely, his class-wide claim fails for lack of notice, and his individual claim fails for lack of sufficient factual allegations. Accordingly, Arnold's claims should be dismissed for lack of personal jurisdiction, and the FAC as a whole should be dismissed with prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

Santiago is an Illinois resident who purchased a used 2020 Tesla Model 3 in February 2021 from a third-party retailer—not from Tesla. FAC ¶¶ 5, 26. Arnold is an Ohio resident who purchased a 2019 Tesla Model 3 in April 2019 from Tesla. *Id.* ¶¶ 6, 36. Plaintiffs bring claims

against Tesla based on a purported defect in their vehicles' forward collision warning systems that allegedly results in false forward collision warning signals when no other vehicles or pedestrians are in front of their vehicles. *Id.* ¶¶ 13, 28, 37. They allege that Tesla is "aware of this issue" based on evidence from "a recent whistleblower" and consumer complaints submitted to Tesla and to the National Highway Traffic Safety Administration ("NHTSA"). Plaintiffs cite to ten such NHTSA complaints submitted almost entirely in 2022 and 2023, which post-date their vehicles' purchases (the only potential exception is a single complaint from February 3, 2021, the same month Santiago purchased his vehicle). *Id.* ¶¶ 14–15. They also allege that they would not have purchased their vehicles (or would have paid less for them) had they known of the alleged defect. *Id.* ¶¶ 30, 39. They do not allege they sought repairs to remedy the purported defect or that they no longer drive their vehicles due to this alleged issue. *See generally* FAC.

On March 14, 2023, Santiago filed an initial complaint against Tesla, bringing claims for breach of the implied warranty of merchantability and violations of the MMWA and ICFA. *See generally* Compl., Dkt. 1-1. After removing this action, Tesla moved to dismiss Santiago's complaint, *see* Dkt. 10. In lieu of responding to Tesla's motion to dismiss, Santiago filed the FAC on June 14, *see* Dkt. 14. The FAC added Arnold as a named plaintiff, added a subclass of Ohio Tesla purchasers, and added additional claims under Ohio law. *See id.* ¶¶ 6, 44, 84–87. Tesla now moves to dismiss the FAC with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, it must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). Although courts must assume the truth of all material facts alleged in a complaint, they do not assume the truth of "statements of law or unsupported conclusory factual allegations." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Claims sounding in fraud are subject to the heightened pleading standard of Rule 9(b). *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). To satisfy that standard, a complaint must "state with particularity the circumstances constituting fraud," including "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) (internal quotation marks omitted).

Plaintiffs must also have Article III standing "for each claim [they] seek[] to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Est., Inc.*, 581 U.S. 433, 439 (2017) (internal quotation marks and citation omitted). "To have standing as a class representative, the plaintiff must be part of the class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Brown v. Auto-Owners Ins. Co.*, 2022 WL 2442548, at *2 (N.D. Ill. Jun. 1, 2022).

Finally, as named plaintiffs, both Santiago and Arnold "must be able to demonstrate either general or specific personal jurisdiction." *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020). District courts apply the personal jurisdiction rules of Illinois, which "permits the exercise of personal jurisdiction to the limits of the federal Due Process Clause." *Linkepic v. Vyasil, LLC*, 146 F. Supp. 3d 943, 949 (N.D. Ill. 2015). Thereunder, corporate defendants are subject to general jurisdiction in jurisdictions where they are "at home"—*i.e.*, in (1) the state where they are incorporated, and (2) the state where they maintain their principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (internal quotation marks omitted). Defendants are subject

to specific jurisdiction when (1) they "purposefully avail[] [themselves] of the privilege of conducting business within" the state, such that they have "minimum contacts" with the forum state, and (2) "plaintiff's claims . . . 'arise out of or relate to the defendant's contacts with the forum.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021) (quoting *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty.*, 582 U.S. 255, 262 (2017)).

## ARGUMENT

### I.  <u>All of Plaintiff Arnold's Claims Must Be Dismissed For Lack of Personal Jurisdiction.</u>[1]

Arnold's claims cannot proceed in this Court because Tesla is not subject to personal jurisdiction in Illinois for his claims. Tesla is incorporated in Delaware and maintains its principal place of business in Texas, not Illinois. *See* Dkt. 1 ¶ 16. Tesla is therefore not "at home" in Illinois and cannot be subject to general personal jurisdiction in this action. *Daimler*, 571 U.S. at 137 (internal quotation marks omitted).

Nor is Tesla subject to specific personal jurisdiction in Illinois for Arnold's claims. Arnold is an Ohio resident who purchased his Tesla in Ohio, not Illinois. *See* FAC ¶ 6, 36. He does not claim to have suffered any harm from the alleged defect in Illinois, nor does he allege any other connection to the state. Accordingly, while Tesla "purposefully avails itself of the privilege of conducting" business within Illinois, Arnold's claims do not "arise out of or relate to" Tesla's contacts with Illinois. *Ford Motor Co.*, 141 S. Ct. at 1024, 1025 (internal quotation marks omitted).

Arnold's claims are akin to those brought in *Bristol-Myers Squibb*, where the Supreme Court held that a pharmaceutical manufacturer was not subject to specific personal jurisdiction in

---

[1] Tesla's position is that this Court lacks personal jurisdiction over Arnold's claims against Tesla such that the Court cannot take any action with respect to those claims but dismissal.  However, should this Court find otherwise, Tesla expressly reserves and does not waive any rights it may have to move to compel arbitration of Arnold's claims.

California for the claims of plaintiffs who resided and were prescribed and ingested the manufacturer's drug outside the state, even though numerous California plaintiffs were prescribed and ingested the drug in California and allegedly sustained the same injuries as the nonresidents. *See* 582 U.S. at 258–59, 265. Indeed, courts in the Seventh Circuit have repeatedly applied *Bristol-Myers Squibb* to find personal jurisdiction lacking over the claims of named plaintiffs who reside outside Illinois and do not claim to have suffered an injury within the state. In *Demaria v. Nissan North America, Inc.*, for example, the court found no personal jurisdiction over out-of-state plaintiffs' claims against a nonresident automobile manufacturer, despite allegations that the manufacturer "promote[d], s[old], market[ed], and distribute[d] [] purportedly defective cars" in Illinois, because those activities were unrelated to the non-Illinois purchasers' claims. 2016 WL 374145, at *7 (N.D. Ill. Feb. 1, 2016). Other courts have reached similar conclusions. *See, e.g., Kurt v. Platinum Supplemental Ins., Inc.*, 2021 WL 3109667, at *6 (N.D. Ill. July 22, 2021) ("Medico's Illinois contacts do not permit the exercise of specific jurisdiction over the plaintiffs' claims, either, because the non-resident plaintiffs' injuries do not arise from or relate to non-resident Medico's Illinois activities."); *Bakopoulos v. Mars Petcare US, Inc.*, 2021 WL 2915215, at *4 (N.D. Ill. July 12, 2021); *Muir v. Nature's Bounty (DE), Inc.*, 2018 WL 3647115, at *5 (N.D. Ill. Aug. 1, 2018); *BeRousse v. Janssen Rsch. & Dev., LLC*, 2017 WL 4255075, at *4 (S.D. Ill. Sept. 26, 2017); *Greene v. Mizuho Bank*, *Ltd*, 289 F. Supp. 3d 870, 874, 877 (N.D. Ill. 2017). Under these precedents, Arnold's claims must be dismissed for lack of personal jurisdiction.

## II.    <u>Plaintiffs Lack Standing to Pursue Nationwide Claims</u>.

Another threshold reason compels dismissal of certain claims brought by both Plaintiffs. Santiago is an Illinois resident who purchased his vehicle in Illinois, and Arnold is an Ohio resident who purchased his vehicle in Ohio. FAC ¶¶ 5, 6, 26, 36. Neither Plaintiff claims to have suffered harm outside the states of Illinois and Ohio, respectively. Yet they seek to bring claims for breach

of implied warranty, MMWA violations, and "[v]iolations of [c]onsumer protection laws" on behalf of a nationwide class. *See id.* ¶¶ 44, 53–91. They lack standing to do so, and Santiago's claims on behalf of all non-Illinois residents and Arnold's claims on behalf of all non-Ohio residents should be dismissed.

Illinois plaintiffs "lack standing to assert claims on behalf of any class members who may have resided in states other than Illinois whose claims will be governed by the laws of those states, because they have no connection to those states and suffered no injury under those states' laws." *Brown*, 2022 WL 2442548, at *2. The same is true for Ohio plaintiffs. *See Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 291 (N.D. Ohio 2020) (dismissing an Ohio plaintiff's nationwide claims because "[i]t is well-settled that named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury" (internal quotation marks omitted)). Accordingly, "[c]ourts in this District routinely dismiss or strike class claims where named plaintiffs seek to represent proposed class members from other states." *Brown*, 2022 WL 2442548, at *2 (first citing *Smith-Brown v. Ulta Beauty, Inc.*, 2019 WL 932022, at *5–6 (N.D. Ill. Feb. 26, 2019) (dismissing claims asserted on behalf of out-of-state class members for lack of standing); and then citing *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2013 WL 4506000, at *8 (N.D. Ill. Aug. 23, 2013) (concluding that the named plaintiffs "fail[ed] to satisfy their burden of showing Article III standing for states in which they do not reside and/or did not purchase the products at issue")). In such cases, "[p]ostponing the threshold standing question until after discovery would accomplish nothing," and courts may dismiss the claims for lack of standing at the pleading stage. *Id.* at *3; *see also Smith-Brown*, 2019 WL 932022, at *6; *In re Dairy Farmers*, 2013 WL 4506000, at *8.

Here, Santiago lacks standing to assert claims on behalf of non-Illinois plaintiffs, and Arnold lacks standing to assert claims on behalf of non-Ohio plaintiffs. The FAC is devoid of allegations connecting Plaintiffs to any state besides Illinois and Ohio, where they claim to reside and to have purchased their vehicles. *See* FAC ¶¶ 5, 6, 26, 36. And the claims of out-of-state class members are governed by the law of other states, not Illinois or Ohio law.[2] Because Plaintiffs have "no connection to [other] states and suffered no injury under those states' laws," their implied warranty and MMWA claims asserted on behalf of non-Illinois and non-Ohio plaintiffs must be dismissed. *Brown*, 2022 WL 2442548, at *2.[3]

## III. Plaintiffs' Implied Warranty Claims Suffer from Several Defects.

Plaintiffs' state law implied warranty claims should be dismissed because Santiago cannot satisfy Illinois' privity requirement, Arnold's claim is time-barred, Santiago and Arnold do not allege a persistent defect that renders their vehicles unmerchantable, and both Plaintiffs failed to provide Tesla with pre-suit notice of their claims.

### A. Santiago Cannot Satisfy Illinois Privity Requirements.

"Under the law of Illinois, privity of contract is a prerequisite to recover economic damages for breach of implied warranty." *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir.

---

[2] Because venue is proper in Illinois, Illinois choice-of-law principles apply. *See DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir. 1987). Under those principles, the applicable law for warranty and consumer protection claims depends on the place of purchase and injury. *In re Rust-Oleum Restore Mktg., Sales Practices and Prods. Liab. Litig.,* 155 F. Supp. 3d 772, 785–86 (N.D. Ill. 2016); *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 585 (N.D. Ill. 2008), *aff'd*, 612 F.3d 932 (7th Cir. 2010). Putative class members' implied warranty, MMWA, and consumer protection claims are governed by the laws of the states where they purchased their Tesla vehicles and claim harm from the alleged defect.

[3] Plaintiffs' nationwide claims should also be dismissed because this Court cannot constitutionally exercise personal jurisdiction over Tesla with respect to the claims of non-Illinois putative class members under *Bristol-Myers Squibb*. Tesla, however, acknowledges the Seventh Circuit's decision in *Mussat v. IQVIA, Inc.*, 953 F.3d 441 (7th Cir. 2020) and thus makes this argument out of an abundance of caution for preservation purposes only.

2003). "There is no contractual privity between a manufacturer and a person who buys from an independent dealer" or other third-party. *Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1056 (N.D. Ill. 2022). Illinois courts routinely dismiss breach of implied warranty claims where the plaintiff did not purchase the vehicle at issue from the defendant. *See, e.g., id.*; *Pickens v. Mercedes-Benz USA, LLC*, 2021 WL 5050289, at *3 (N.D. Ill. Nov. 1, 2021); *Quitno v. Gen. Motors, LLC*, 2020 WL 777273, at *5 (N.D. Ill. Feb. 18, 2020); *Hackett v. BMW of N. Am., LLC*, 2011 WL 2647991, at *2 (N.D. Ill. Jun. 30, 2011); *IWOI, LLC v. Monaco Coach Corp.*, 581 F. Supp. 2d 994, 1000 (N.D. Ill. 2008); *Lantz v. Am. Honda Motor Co., Inc.*, 2007 WL 1424614, at *11 (N.D. Ill. May 14, 2007).

Santiago purchased his vehicle "from a third-party seller," not from Tesla. FAC ¶ 26. As a result, Santiago cannot satisfy Illinois' privity requirement. Nor can he evade it. Santiago appears to try to invoke a so-called "direct dealing" exception by vaguely alleging that he "receive[d] critical software updates directly from [Tesla and rel[ied] on [Tesla] to ensure that [his] vehicle[s] [was] safe to drive." *Id.* ¶ 62; *see id.* ¶¶ 72–75. That effort to sidestep privity fails for multiple reasons. As an initial matter, "it is far from certain that Illinois permits any exception to the vertical privity requirement for breach of implied warranty in light of the decisions of the Illinois Supreme Court." *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 678 (N.D. Ill. 2005); *see also Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1123 (N.D. Ill. 2019) ("This Court is not alone in doubting the Illinois Supreme Court would recognize any exceptions to the requirement of privity for implied warranty claims."). But even assuming such an exception exists at all, it would not apply here. *See Manley*, 417 F. Supp. 3d at 1115 (describing "direct dealing" exception's origin in a case where defendant manufactured product to the plaintiff's specifications). Santiago's implied warranty claim should be dismissed for lack of privity.

**B.      Arnold's Implied Warranty Claim is Time-Barred.**

Arnold's implied warranty claim also suffers from a fatal defect—it is time-barred. Under Ohio law, implied warranty claims must be brought within four years of the date that plaintiff's cause of action accrues. *See* Ohio Rev. Code Ann. § 1302.98(A); *Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 943 (N.D. Ohio 2022). And a cause of action for breach of implied warranty "accrues at the time of delivery." *Grover*, 581 F. Supp. 3d at 943; *see also* § 1302.98(B). Accordingly, the four-year statute of limitations governing Arnold's implied warranty claim began to run in April 2019, when he "took delivery" of his vehicle. FAC ¶ 36. Because he did not bring claims against Tesla until June 14, 2023, his implied warranty claim must be dismissed as untimely. *See Grover*, 581 F. Supp. 3d at 944 (dismissing implied warranty claim filed outside four-year limitations period); *Allen v. Andersen Windows, Inc.*, 913 F. Supp.2d 490, 505 (S.D. Ohio 2012) (same).

**C.      Plaintiffs Do Not Allege That Their Vehicles Were Unmerchantable at the Time of Sale.**

Under both Illinois and Ohio law, "[a] product breaches the implied warranty of merchantability if it is not fit for the ordinary purposes for which such goods are used." *Oggi Trattoria & Caffe, Ltd. v. Isuzu Motors Am., Inc.*, 865 N.E.2d 334, 340 (Ill. Ct. App. 2007) (internal quotation marks omitted); *see also In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 867 (S.D. Ohio 2012) (citing *White v. DePuy, Inc.*, 718 N.E.2d 450, 456 (Ohio Ct. App. 1998)). To be "fit for the ordinary purpose of driving," a vehicle need only be "in a safe condition and substantially free of defects*." Ali v. Volkswagen Grp. of Am.*, 559 F. Supp. 3d 723, 736 (N.D. Ill. 2021); *see also Szep*, 491 F. Supp. 3d at 292 ("With respect to consumer vehicles, plaintiffs must adequately allege that their vehicles are not fit for safe driving and reliable transportation." (internal quotation marks omitted)). And a plaintiff's continued use of an allegedly defective vehicle may "belie" assertions

that the vehicle is unsafe to drive and therefore breaches its warranty. *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 588 (7th Cir. 2001); *see also Mooradian v. FCA US, LLC*, 2017 WL 4869060, at *7 (N.D. Ohio Oct. 27, 2017) (dismissing an implied warranty claim under Ohio law when plaintiffs drove their vehicles "for years and tens of thousands of miles").

Here, Plaintiffs fail to state an implied breach of warranty claim because they do not allege a persistent defect that renders their vehicles unmerchantable. Setting aside Plaintiffs' conclusory allegations regarding merchantability, *see* FAC ¶¶ 77, 79, Plaintiffs merely allege that their vehicles emitted false forward collision signals "when no other vehicles or pedestrians were in front of the vehicle[s]." *Id.* ¶ 28; *see also id.* ¶ 37. Plaintiffs do not allege that their vehicles were involved in any crash due to the alleged defect—nor is that even plausible given that a false activation would merely *avoid* a collision. Moreover, Plaintiffs do not even allege that they asked Tesla to repair their vehicles or that they have ceased driving their vehicles due to the claimed defect. Plaintiffs do not plausibly allege unmerchantability.

### D. Plaintiffs Fails to Allege That They Provided Tesla with Pre-Suit Notice.

Finally, Plaintiffs' implied warranty claims must be dismissed for failure to provide pre-suit notice of the alleged defect. Under Illinois and Ohio law, "[b]uyers seeking to sue for breach of . . . implied warranties must first notify the seller of its breach." *Chiapetta v. Kellogg Sales Co.*, 2022 WL 602505, at *5 (N.D. Ill. Mar. 1, 2022); *see also* Ohio Rev. Code Ann. § 1302.65(C)(1). Failure to do so is grounds for dismissal. *See Rodriguez*, 596 F. Supp. 3d at 1055 (dismissing an implied warranty claim for failure to provide pre-suit notice); *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015) (dismissing an implied warranty claim when "Plaintiff fail[ed] to plead that he gave Defendant notice that the drug did not work as intended"); *Nathan v. Whirlpool Corp.*, 492 F. Supp. 3d 747, 755 (S.D. Ohio 2020) (dismissing with prejudice an Ohio implied

warranty claim for failure to provide pre-suit notice). The FAC contains no allegations that Plaintiffs notified Tesla of the purported defect and the alleged breach of implied warranty.

The recognized exceptions to the pre-suit notice requirement do not apply. Under one exception, a consumer plaintiff who suffers a personal injury can satisfy the notice requirement by filing a lawsuit. *Rodriguez*, 596 F. Supp. 3d at 1055; *see St. Clair v. Kroger Co.*, 581 F. Supp. 2d 896, 903 & n.7 (N.D. Ohio 2008). But Plaintiffs do not allege that they suffered any physical injury as a result of the alleged defect. Under a second exception, notice may not be required if "the seller has actual knowledge of the defect of the particular product." *Rodriguez*, 596 F. Supp. 3d at 1055. District courts applying Ohio law have declined to recognize the "actual knowledge" exception, such that this exception does not apply to Arnold's claims. *See St. Clair*, 581 F. Supp. 2d at 902–03 & n.6 (rejecting plaintiff's argument that "her claim should proceed [despite the lack of pre-suit notice] because [defendant] had "actual knowledge" of its breach of warranty"); *Radford v. Daimler Chrysler Corp.*, 168 F. Supp. 2d 751, 753–54 (N.D. Ohio 2001) (dismissing warranty claims for lack of notice despite plaintiff's assertion of defendant's actual knowledge). And for Santiago's claims, Illinois law provides that a defendant's "knowledge of the complaints of others . . . is not sufficient to evade the notice requirement;" instead, the defendant's knowledge must be specific to the plaintiff and the plaintiff's particular vehicle. *Rodriguez*, 596 F. Supp. 3d at 1055 ("Rodriguez needs to allege Ford was somehow apprised of the trouble with the particular product purchased by a particular buyer." (internal quotation marks omitted)); *see also Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 590 (Ill. 1996) ("[G]eneralized knowledge about the safety concerns of third parties is insufficient to fulfill [the] notice requirement."). Plaintiffs' allegations of actual knowledge based on other consumers' complaints and a whistleblower report, *see* FAC ¶¶ 14–17,

cannot satisfy this second exception to the pre-suit notice requirement, *see infra* parts IV.B & VII, and their implied warranty claims should be dismissed.

## IV.    **Plaintiffs' MMWA Claims Must Be Dismissed With Their Implied Warranty Claims.**

Plaintiffs' MMWA claims fail in tandem with their implied warranty claims. "The MMWA creates a federal cause of action based on a breach of express and implied warranty under state law." *Karlinski v. Costco Wholesale Corp.*, 616 F. Supp. 3d 753, 765 (N.D. Ill. 2022); *see Grover*, 581 F. Supp. 3d at 936 (similar). Claims for violations of the MMWA therefore "depend[] on the existence of an underlying viable state-law warranty claim, and so the two claims can be evaluated together and succeed or fail together." *Zylstra v. DRV, LLC*, 8 F.4th 597, 609 (7th Cir. 2021). Because Plaintiffs' breach of warranty claims fail under Illinois and Ohio law, their MMWA claims fail as well. *See id.*; *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 717 (N.D. Ill. 2020) ("Plaintiff's MMWA claim also must be dismissed because it is contingent on Plaintiff having a viable state law warranty claim."). Moreover, because the Complaint does not name one hundred plaintiffs, this Court lacks jurisdiction over Plaintiff's MMWA claim. *See* 15 U.S.C. § 2310(d)(3); *Wienhoff v. Conagra Brands, Inc.*, 626 F. Supp. 3d 1015, 1028 (S.D. Ill. Sept. 8, 2022) (dismissing MMWA claim based on complaint's failure to name one hundred plaintiffs); *Johnston v. Kashi Sales, L.L.C.*, 626 F. Supp. 3d 997, 1012 (S.D. Ill. Sept. 8, 2022) (same).

## V.    **Santiago Fails to State a Claim for Violations of the ICFA.**

"To plead an ICFA claim," a plaintiff must allege that (1) defendant committed "a deceptive or unfair act" (2) "in the course of trade or commerce" (3) with the "intent that others rely on the deception," and (4) plaintiff suffered "actual damages" (5) "proximately caused by the deception." *Fleury v. Gen. Motors LLC*, --- F. Supp.3d---, 2023 WL 1450284, at *3 (N.D. Ill. 2023) (internal quotation marks omitted). ICFA claims based on deceptive conduct are subject to Rule 9(b)'s pleading requirements. *Id.*

12

**A.    Santiago's "Misrepresentation" Allegations Do Not Satisfy Rule 9(b) or Plausibly Establish Causation.**

Santiago first asserts that Tesla violated the ICFA by falsely "advertising the safety systems on its Tesla Vehicles and the various cameras and sensors that were installed." FAC ¶ 88. But these vague allegations fall far short of Rule 9(b)'s particularity requirement. *See Quitno*, 2020 WL 777273, at *3 (allegations that Plaintiff "read information on Defendant's website that the vehicle was safe and durable," along with her "generic[] mention[]" of "Defendant's promotional materials, advertising, and marketing," were "far too vague to provide Defendant notice of the exact statements at issue" and "fail[ed] to meet 9(b)'s particularity requirement"); *O'Connor*, 477 F. Supp. 3d at 718 (allegations that a manufacturer "represent[ed] that its vehicles and transmissions had characteristics, uses, or benefits which they do not have" and "represent[ed] that its vehicles and transmissions [were] of a particular standard, quality, or grade when they are not" "fail[ed] to describe with particularity the specific misrepresentations").

Nor can Santiago rely on screenshots of Tesla's "website during the relevant time period" to satisfy Rule 9(b). FAC ¶ 11. Two of the screenshots Santiago includes relate to Tesla models (the Model S and Model Y) that he did not purchase. *See id.* Accordingly, he cannot claim to have "relied on" these materials when purchasing his particular vehicle (a Tesla Model 3), which means these allegations fail for lack of causation. *Fleury*, 2023 WL 1450284, at *4; *see also O'Connor*, 477 F. Supp. 3d at 719 ("Without a plausible link tying any particular statement by Defendant to Plaintiff's purchase of the Vehicle, Plaintiff [] fails to allege proximate causation [under] the ICFA."). As for the third screenshot of the Model 3 webpage—which merely offers a basic description of the Model 3's "cameras," "radar," and "ultrasonic sensors"—Plaintiff "does not identify anything in [this] excerpt[] that is purportedly false." *O'Connor*, 477 F. Supp. 3d at 719;

*see Fleury*, 2023 WL 1450284, at *4 (plaintiff "failed to identify a false or deceptive statement" when pointing to straightforward descriptions of his vehicle's features in the owner's manual).

Finally, to the extent that Santiago points to Tesla's supposed description of its vehicles as "built for safety" and "some of the safest cars on the road," FAC ¶ 10, these alleged representations are in the nature of puffery and cannot support a consumer fraud claim, *see Avery v. State Farm Mut. Auto Ins. Co.*, 835 N.E.2d 801, 846 (Ill. 2005) (holding that "puffing," or "exaggerations reasonably to be expected of a seller as to the degree of quality of his or her product, the truth or falsity of which cannot be precisely determined," "cannot form a basis for plaintiffs' consumer fraud claim"); *Pickens*, 2021 WL 5050289, at *2, 4 (assurances that vehicles were "of superior quality and the highest safety standards" were mere puffery and not sufficiently specific to be actionable). Santiago's misrepresentation theory under the ICFA therefore fails to state a claim.

### B.   Santiago's "Omission" Allegations Fail for Lack of Knowledge and Causation.

Santiago's "material omission" theory of deceptive conduct, *see* FAC ¶ 88, also fails to state a viable ICFA claim. To start, Santiago cannot show that Tesla had pre-purchase knowledge of the alleged defect. "[I]n a case of fraud by omission, one would have to have knowledge of the fact at issue in order to be able to conceal it." *Sherwin v. Samsung Elecs. Am., Inc.*, 2018 WL 11216896, at *4 (N.D. Ill. Mar. 2, 2018) (internal quotation marks and citation omitted). Santiago asserts that Tesla "is well aware" of the defect, citing to a "recent whistleblower" report and NHTSA complaints. FAC ¶¶ 14, 15. But the cited whistleblower report published on May 23, 2023 (and based on information from an unnamed informant) post-dates Santiago's purchase of his vehicle, as do all but one of the ten NHTSA complaints he cites (and that one exception was submitted the same month Santiago purchased his vehicle). *See* FAC ¶¶ 14, 15. "Later complaints are irrelevant to whether [he] has sufficiently alleged what [Tesla] knew at the time [he] made [his] purchase." *Sherwin*, 2018 WL 11216896, at *5; *see also Ibarolla v. Nutrex Rsch., Inc.*, 2013 WL

14

672508, at *3 (N.D. Ill. Feb. 25, 2013) ("[A] plaintiff must allege that the fact omitted or concealed was known to the defendant at the time of the concealment."). And even if those complaints had been submitted before Santiago purchased his vehicle, ten consumer complaints submitted to NHTSA does not come close to pleading knowledge. *See Sherwin*, 2018 WL 11216896, at *5 (concluding that a "handful" of consumer complaints, only one of which predated plaintiff's purchase, could not plausibly establish knowledge of the defect).[4] Santiago does not plausibly establish that Tesla knew of the purported defect before he purchased his vehicle.

Even if Santiago could satisfy this requirement, his omission-based ICFA claim would still fail because he does not plead with particularity that Tesla omitted material information from a specific communication. Santiago alleges that Tesla "failed to disclose that its Tesla vehicles have the [defect] and that the software that is an integral and material part of why consumers . . . purchase their Tesla vehicles does not actually permit for the safe operation of the Tesla vehicles." FAC ¶ 88. But "[t]o be actionable" under the ICFA, "an omission must be an omission from a communication, rather than a general failure to disclose." *Fleury*, 2023 WL 1450284, at *4 (internal quotation marks and citation omitted). While Santiago may claim that Tesla failed to disclose the defect in its online advertisements, that assertion fails because Santiago cannot "connect[] the dots between the purported omission and a particular communication by [Tesla] which he relied on," as explained above. *Fleury*, 2023 WL 1450284, at *4; *see supra* part V.A.

---

[4] The purported "whistleblower report" noted only "383 reported phantom stops resulting from false collision warnings," while observing that "Tesla delivered around 2.6 million vehicles with the autopilot software" during the same time period. *See* FAC ¶ 14 n.5. Such a meager complaint volume, equal to roughly .01%, cannot plausibly establish Tesla's knowledge. *See Gregorio v. Ford Motor Co.*, 522 F. Supp. 3d 264, 281 (E.D. Mich. 2021) (holding that consumer complaints cannot establish knowledge unless the "volume of complaints about a specific issue [is] significant enough to draw [defendant's] attention").

### C. Santiago's "Unfairness" Theory Replicates His "Deceptive Conduct" Theory.

Finally, to the extent that Santiago purports to bring an ICFA claim based on unfair practices—as opposed to deceptive conduct—such claim must be dismissed as well. Santiago's "unfair practices" claim derives from the same allegations underlying his "deceptive conduct" claim—that Tesla misrepresented its vehicles' safety and failed to disclose the alleged defect to consumers. *See* FAC ¶¶ 88–89. "An unfair practice claim hinges on a defendant's allegedly unfair or unscrupulous behavior rather than deceptive behavior," and "merely citing the 'unfair practices' prong of the ICFA cannot transform [plaintiff's] claim" or evade "Rule 9(b)'s particularity requirement." *Quitno*, 2020 WL 777273, at *4; *see also Pirelli*, 631 F.3d at 446–47 (applying a heightened pleading standard to a purported ICFA unfair practices claim based on alleged misrepresentations and omissions because "the dictates of Rule 9(b) apply to allegations of fraud, not claims of fraud"); *Schiesser v. Ford Motor Co.*, 2017 WL 1283499, at *6 (N.D. Ill. Apr. 6, 2017) (similar). Santiago's claim that Tesla violated the ICFA by engaging in unfair practices must therefore be dismissed as deficient under Rule 9(b), for the reasons identified above. *See supra* part V.A–B.

### VI. <u>Arnold's OCSPA Claim is Untimely and Fails for Multiple Reasons.</u>

To state a viable OCSPA claim, Arnold must plead "a material misrepresentation, deceptive act or omission that impacted his decision to purchase the" vehicle. *Szep*, 491 F. Supp. 3d at 297 (internal quotation marks omitted). The law has a two-year statute of limitations, which begins to run on the date of purchase. *See* Ohio Rev. Code Ann. § 1345.10(C); *Szep*, 491 F. Supp. 3d at 297 (applying the two-year statute of limitations from the date of purchase).

Arnold's OCSPA claim is facially time barred. He purchased his vehicle in April 2019 (more than two years before filing his claims), so his claims are untimely. He cannot contend that the statute was tolled due to fraudulent concealment because he does not allege any "affirmative

act by [Tesla] designed to prevent discovery of the cause of action." *Szep*, 491 F. Supp. 3d at 298. His claim must be dismissed for this reason alone.

Even if Arnold's OCSPA claim were timely, it suffers from deficiencies akin to those plaguing Santiago's ICFA claim. To the extent the OCSPA claim alleges an affirmative misrepresentation, *see* FAC ¶ 88, it falls short of Rule 9(b)'s pleading requirements. *See supra* part V.A; *Scheetz v. Consumer Rsch. Corp.*, 2008 WL 11350242, at *3 (S.D. Ohio 2008) (concluding that OCSPA claims are subject to Rule 9(b)). And insofar as Arnold's claim is premised on Tesla's failure to disclose the alleged defect, *see* FAC ¶ 88, this claim fails for lack of knowledge, as discussed above. *See supra* part V.B; *Szep*, 491 F. Supp. 3d at 297 (dismissing OCSPA claim where plaintiff did not adequately plead defendant's knowledge). And his omission-based OCSPA claim is deficient for the additional reason that "[m]ere non-disclosure of a defect, without more, does not fall within the purview of deceptive or unconscionable practices prohibited by the [OCSPA]." *Szep*, 491 F. Supp. 3d at 297 (first alteration in original) (internal quotation marks omitted).

Finally, Arnold's class-based OCSPA claim must be dismissed for failure to plead notice required under Ohio law. To plead a class-based OCSPA claim, plaintiffs "must allege that defendant had prior notice that its conduct was 'deceptive or unconscionable'" by "alleg[ing] either that a specific rule or regulation has been promulgated [by the Ohio Attorney General] under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive, or that an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection." *Pattie v. Coach, Inc.*, 29 F. Supp. 3d 1051, 1055 (N.D. Ohio 2014) (internal quotation marks omitted). The FAC contains no such allegations, which means that

Arnold's class action allegations must be dismissed. *Id.; see also In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d at 869–70 (dismissing class action OCSPA claims for lack of notice).

## VII.  Plaintiffs Are Not Entitled to Injunctive Relief.

Plaintiffs' request for injunctive relief should also be dismissed. Because Plaintiffs' claimed injuries—that they overpaid for their vehicles, which have diminished in value due to the defect, *see* FAC ¶¶ 25, 69, 82—are redressable by a damages award, Plaintiffs have an adequate remedy at law and may not obtain an injunction. *See Alexander v. Ne. Ill. Univ.*, 2007 WL 9809205, at *3 (N.D. Ill. Aug. 3, 2007). And Plaintiffs lack standing to seek prospective injunctive relief because they have not alleged that they are likely to be harmed by Tesla's conduct in the future. Rather, their allegation that they would not have purchased Tesla vehicles in the first place had they known of the purported defect, FAC ¶¶ 35, 43, forecloses their request for injunctive relief, *see Mednick v. Precor, Inc.*, 2016 WL 5930955, at *8 (N.D. Ill. Sept. 27, 2016) (dismissing a request for injunctive relief when plaintiff alleged that he "would not have purchased the [product] had he known the [product's] feature...was actually unreliable and inaccurate"); *see also Chiapetta*, 2022 WL 602505, at *10 (dismissing a request for injunctive relief because plaintiff already knew of the purported deceptive conduct and was unlikely to be harmed by it in the future).

## CONCLUSION

For the foregoing reasons, Tesla respectfully requests that the Court grant this Motion and dismiss the FAC with prejudice.

Respectfully submitted this 14th day of August, 2023.

*/s/ Susan M. Clare*
Livia M. Kiser
KING & SPALDING LLP
110 N. Wacker Dr., Ste. 3800
Chicago, IL 60606
T: (312) 995-6333
lkiser@kslaw.com

Susan M. Clare
KING & SPALDING LLP
1180 Peachtree St. NE, Ste. 1600
Atlanta, GA 30309
T: (404) 572-4600
sclare@kslaw.com

*Attorneys for Tesla, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2023, I submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the Court's CM/ECF automated filing system.

*/s/ Susan M. Clare*
Susan M. Clare

*Attorney for Tesla, Inc.*